UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| VICTOR PENA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-12795-JCB |
| | ) | |
| ABBE NELLIGAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM AND ORDER
June 24, 2026

Boal, M.J.

For the reasons set forth below, if Pena wishes to proceed with this action, the Court grants him time to file a complaint accompanied by either the filing fee or a motion for leave to proceed in forma pauperis with a six-month certified prison account statement.

I.    Background

On June 18, 2026, Victor Pena, an inmate at MCI-Shirley, filed a letter that was entered on the docket as a complaint. [Doc. No. 1]. Pena brings this action on behalf of himself and several non-English speaking offenders for alleged due process violations. Id. According to Pena, during the classification process, prison administrators have coerced non-English speaking inmates to sign "waiver forms" permitting removal to their native country. Id. at 1. Pena claims that inmates are "made to believe that [they] will serve [their] minimum term and be release[d] to [immigration] detention upon completing [their] minimum [sentence]." Id. After signing the waiver form, Pena contends that such inmates will not be eligible to earn good time credits and that they will be held beyond their release to supervision [RTS] date pursuant to G. L. c. 127, § 130B. Id. at 4. Pena alleges that he is a United States citizen and claims that he was "racially

profile[d] by the classification department [that utilized] wrongful override codes, that (ICE) had a detainer on him to prevent him from a minimum step down or lower custody placement." Id. at 3.

II.      Filing of a Complaint

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Although Pena's pleading was entered on the docket as a complaint, it is more akin to a letter or notice. Therefore, it is not clear if Pena intended to file a complaint and based on the filing in its current form, the Court cannot take any action. The federal courts cannot "operate as an open forum for citizens 'to press general complaints about the way in which government goes about its business.'" Food & Drug Admin. v. All. for Hippocratic Med., 602 U.S. 367, 379 (2024) (quoting Allen v. Wright, 468 U.S. 737, 760 (1984)). They also cannot "issue advisory opinions about the law—even when requested by the President." Id. at 378-79.

In order to prosecute an action, Pena must file a complaint. The Court expresses no view on the merits of any potential complaint. Such complaint must contain a statement of the Court's jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief," and a demand for relief. See Fed. R. Civ. P. 8(a). The requirement to provide a "short and plain statement of the claim" means that the complaint must contain "enough detail to provide [each] defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests, '" Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95, 101 (1st Cir. 2013) (quoting Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011)), or, in other words, the statement of the claim "must 'at least set forth minimal facts as to who did what to whom, when, where and why,'" Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004)).

In addition, a complaint should comply with other requirements set forth in the Federal Rules of Civil Procedure.  The caption of the complaint "must name all the parties," Fed. R. Civ. P. 10(a).  "A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Each plaintiff must sign the complaint. See Fed. R. Civ. P. 11(a).

III.    Legal Representation

An individual may appear in federal court, either "pro se or through legal counsel." Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982); see also Hootstein v. Amherst-Pelham Reg'l Sch. Comm., 361 F. Supp. 3d 94, 101 (D. Mass. 2019); 28 U.S.C. § 1654 ("In all courts of the United States, the parties may plead and conduct their own cases personally or by counsel as, by the rules of such court, respectively, are permitted to manage and conduct causes therein."); Local Rule 83.5.5(b) of the Local Rules of the U.S. Dist. Ct. for the Dist. of Mass. ("An individual appearing pro se may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf.").

Here, Pena is appearing pro se, and he is not alleged to be an attorney admitted to the bar. Pena therefore cannot represent anyone other than himself.  If more than one party wishes to proceed as a plaintiff, each named plaintiff must sign the complaint.  Rule 11 of the Federal Rules of Civil Procedure clearly provides "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); see also Local Rule 5.1 (a)(1) ("The provisions of Fed. R. Civ. P. 10 and 11 concerning the form and signing of pleadings, motions,

3

and other papers shall be applicable to all papers filed in any proceeding in this court."); Local Rule 83.5.5 (d) ("A pro se party is required to comply with these local rules.").

IV.    Filing and Administrative Fees

A person commencing a non-habeas civil action must pay a statutory filing fee of $350, see 28 U.S.C. § 1914(a), and an administrative fee of $55 (collectively, the "filing fee"). Only one filing fee is assessed per action, regardless of the number of plaintiffs in the case. Plaintiffs who cannot afford the fee can move to proceed in forma pauperis by filing an Application to Proceed in District Court without Prepaying Fees or Costs ("Application").

Here, Pena has neither paid the filing fee nor moved to proceed in forma pauperis. The action will not go forward without resolution of the fee. If Pena wishes to proceed, he must file an Application to Proceed in District Court Without Prepaying Costs and include with his Application "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

If more than one party wishes to proceed as a plaintiff in this action, each plaintiff must file an Application with a certified copy of their prison account statement. "Where there are multiple plaintiffs in a civil action … it has been the practice of this court to apportion equally the filing fee between or among all plaintiffs (both in prisoner and non-prisoner cases)." Cuevas v. DiPaulo, No. 11-10884-WGY, 2011 WL 2110759, at *2 (D. Mass. May 23, 2011) (collecting cases). The filing fee would be apportioned among the number of plaintiffs actually proceeding

4

in the action.  Should the Court grant a prisoner plaintiff's motion to proceed in forma pauperis, he will still be required to pay his pro rata share, regardless of the outcome of the case.[1]

Once the filing fee is resolved, the complaint will be subject to an initial screening prior to the issuance of summonses.  See 28 U.S.C. § 1915(e)(2) (screening of in forma pauperis complaints); 28 U.S.C. § 1915A (screening of certain prisoner complaints, even if the filing fee is paid).

V.      Conclusion

Accordingly, the Court hereby orders:

1.      If Pena wishes to pursue this action he must, within forty-two days of the date of this memorandum and order (a) either pay the $405 filing and administrative fees or file a motion for leave to proceed in forma pauperis with a six-month certified prison account statement; and (b) file a complaint.  Failure to do so may result in dismissal of this action by a District Judge.

2.      The Clerk shall send Pena an Application to Proceed in District Court Without Prepaying Fees or Costs, which Pena may complete and file (with the prison account statement) as a motion for leave to proceed in forma pauperis.

SO ORDERED.

 /s/ Jennifer C Boal
JENNIFER C. BOAL
United States Magistrate Judge

DATED:  June 24, 2026

---

[1] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of in forma pauperis status.  Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the prisoner plaintiff's account, followed by payments on a monthly basis until the pro rata share of the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(1)-(2).